FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 09 2015 ★
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
KRISTIAN OVERGAARD,                 :
                                    :
            Plaintiff,              :        ORDER
                                    :        14-CV-07450 (JFB)(SIL)
        – against –                 :
                                    :
NASSAU COUNTY SHERIFF DEPARTMENT,   :
ARMOR CORRECTIONAL HEALTH SERVICES, :
and SHERIFF MICHAEL J. SPOSATO,     :
                                    :
            Defendants.             :
------------------------------------X
KRISTIAN S. OVERGAARD,              :
                                    :
            Plaintiff,              :        ORDER
                                    :        15-CV-01833 (JFB)(SIL)
        – against –                 :
                                    :
ARMOR CORRECTIONAL HEALTH SERVICES, :
NASSAU COUNTY SHERIFF MICHAEL J.    :
SPOSATO, and NASSAU COUNTY,         :
                                    :
            Defendants.             :
------------------------------------X
```

JOSEPH F. BIANCO, District Judge:

Plaintiff filed the first of the above-captioned cases, 14-CV-7450(JFB)(SIL), on December 17, 2014. Plaintiff filed the second case, 15-CV-1833(JFB)(SIL), on April 7, 2015. On May 26, 2015, defendants moved to consolidate both cases, arguing that all three cases involve common questions of law and fact. Plaintiff has not opposed defendants' motion. For the reasons discussed below, the Clerk of the Court is hereby ordered to consolidate both actions under docket number 14-CV-7450(JFB)(SIL), because both cases arise from the same factual nexus and implicate the same legal issues.

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the

actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Trans. Comm'cns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted). Cases may be consolidated even where, as here, certain defendants are named in only one of the complaints. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). The paramount concern, however, is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp. 2d 218, 221 (S.D.N.Y.

2

1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam*, 950 F.2d at 92; *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, both actions involve common questions of law and fact. Specifically, plaintiff alleges, among other things, that defendants violated his civil rights under 42 U.S.C. § 1983 by allegedly providing him with inadequate medical care at the Nassau County Correctional Center. The Court finds that consolidation of these actions would be in the interests of judicial economy and efficiency and would minimize the expense and burden on all of the parties. These interests far outweigh the minimal, if any, risk of prejudice of confusion to the parties. Accordingly,

IT IS HEREBY ORDERED that defendants' unopposed motion to consolidate is granted;

IT IS FURTHER ORDERED that the Clerk of Court consolidate the two above-captioned cases under the first case filed, docket number 14-CV-7450; and

IT IS FURTHER ORDERED that the Clerk of Court shall close the case with docket numbers 15-CV-1833 and direct any further filings in that case to 14-CV-7450.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: June 9, 2015
Central Islip, New York